IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEFFERY WILLIAM PAUL                                                              PLAINTIFF

v.                        Civil No. 6:13-cv-06073

UNITED STATES DISTRICT COURT, and                                       DEFENDANTS
the HONORABLE JIMM LARRY HENDREN

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil action filed by the Plaintiff, JEFFERY WILLIAM PAUL ("Paul"), pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Federal Agents*, and the Americans with Disabilities Act. Plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") in Terra Haute, Indiana. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.     BACKGROUND

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Paul was convicted of murder in the killing of a man in Hot Springs National Park, Hot Springs, Arkansas. On June 25, 1997, Paul was sentenced to death. *See, United States v. Paul*, No. 6:96-cr-60022, ECF No. 241. On August 30, 2000, the United States Court of Appeals for the Eighth

Circuit affirmed Paul's conviction and death sentence. *See United States v. Paul*, 217 F.3d 989 (8th Cir. 2000). A Petition for a Writ of Certiorari was denied on October 1, 2001. *See Paul v. United States*, 534 U.S. 829 (2001). A motion to rehear the denial of certiorari was denied on February 19, 2002. *See Paul v. United States*, 534 U.S. 1156 (2002). Paul remains on death row.

## II.  DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). This screening should be commenced "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable, and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, then the action must be dismissed. *See,* 28 U.S.C. § 1915A(b)(1).

   a. <u>Claims Asserted by Paul in this Complaint</u>:

Plaintiff states in his original Complaint that he is suing the Court and the Honorable Jimm Larry Hendren, United States District Judge because of his "wrongful conviction." ECF No. 1 p. 3. He further claims he was "cruelly sentenced" and is being "unfairly discriminated against." Paul claims he is learning disabled, suffers from arthritis, and is being denied the ability to seek redress for his disabilities by the BOP (although he does not name the BOP as a defendant herein). Finally, he claims he is being "tortured by way of obstruction," is in debt, his wife has abandoned him, and

he has suffered from physical abuse. ECF No. 1 p. 4.[1]  As relief he requests his conviction be vacated, he be appointed counsel to assist him in seeking restitution, and that criminal complaints be issues for certain unidentified persons.  He also requests this Court order a Chapter 7 Bankruptcy on his behalf.

    b. *Heck v. Humphrey*:

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.  The rule in *Heck* covers any prisoner claim that would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.*

In this case all of Paul's claims arise from his conviction and sentence.  That conviction has been upheld on appeal and his first motion to vacate or set aside the conviction was denied.  He now seeks relief from a conviction that has not been overturned.  All of the relief sought by Paul is barred by *Heck v. Humphrey*.

    c. Judicial Immunity:

Paul seeks relief from the "United States District Court" and the Honorable Jimm Larry

---

[1] The Court notes Paul has made the same allegations in a Motion to Vacate, Set Aside or Correct Sentence which is currently pending before this Court. *See United States v. Paul*, No. 6:96-cr-60022, ECF No. 362.  The undersigned has recommended dismissal of that Motion as successive. *See id.* at ECF No. 382.

Hendren, United States District Judge. This Court is a federal governmental entity. Judge Hendren is clearly a federal official.

I preliminarily note that §1983 provides no right of action against federal officials. A § 1983 complaint must allege that each defendant, acting under color of *state law*, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983; *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Federal officials do not act under color of state law. *See e.g., Parker v. Boyer*, 93 F.3d 445, 448 (8th Cir. 1996)(§ 1983 redresses only injuries caused by exercise of some right or privilege created by state, by rule of conduct imposed by state, or by person for whom state is responsible); *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986) ("Federal officers acting under federal authority are immune from suit under section 1983").

A claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* claim. *See Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). The United States Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. I will therefore construe Paul's claims against Judge Hendren to be under *Bivens*. The claims are nevertheless subject to dismissal.

First, Judge Hendren is immune from suit. It is clear any act Paul complains of were acts taken in connection with either the criminal case or the post-conviction proceeding. All of Paul's criminal proceeding in this Court have been assigned to Judge Hendren.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(*quoting Stump v. Sparkman*, 435 U.S. 349,

356-57 (1978)); *see also Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985)(judicial officers absolutely immune from Bivens-type claim). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (*citing Stump*, 435 U.S. at 356). Judge Hendren did not act in "clear absence of all jurisdiction." While Paul does not allege any particular act or failure to act on the part of Judge Hendren, it is clear any complaint Paul has arises from the conduct of his criminal conviction and sentencing. As stated, Judge Hendren is immune from any such claim.

Some of the requested relief of Paul's could be construed as a request for injunctive or declaratory relief. Judicial immunity has also been held to bar *Bivens* actions for declaratory or injunctive relief. *Bolin*, 225 F.3d at 1240-42; *Mullis v. United States Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385. Moreover, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis*, 828 F.2d at 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy at law exists. *Pulliam v. Allen*, 466 U.S. 522, 542 & n. 22 (1984). *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001)(adequate remedy at law existed where requested relief could be obtained through "standard legal means [such] as post-judgment motion, appeal, mandamus, prohibition, and/or certiorari review of prior proceedings); *Bolin*, 225 F.3d at 1243 n. 7(Noting that in the absence of judicial immunity the defendant judges would be entitled to dismissal because an adequate remedy at law existed through appellate review or an extraordinary writ). While his chances of actual success appear to be limited in regards setting aside his criminal conviction and sentence, clearly Paul has an adequate remedy, in that he may seek permission from

the Eighth Circuit to file a successive post-conviction motion. Further, he may seek administrative remedies within the BOP for any alleged deprivation which occurs there. He could seek *habeas corpus* relief if he has claims of unconstitutional conditions of confinement.

Federal judges have long been recognized to be immune from civil actions. "Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 336 (1871). Further, judicial immunity can only be overcome in limited circumstances:

> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(citations omitted). Neither of these circumstances has even been alleged by Paul. Accordingly, Judge Hendren is entitled to absolute immunity in this case.

### III.     CONCLUSION

Accordingly, I recommend Paul's claim against Defendants be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **22nd day of July 2013.**

                                           /s/ Barry A. Bryant  
                                           HON. BARRY A. BRYANT  
                                           UNITED STATES MAGISTRATE JUDGE